IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:20-cv-151-D

| | |
|---|---|
| ESTATE OF RONALD SAUCIER, SR. by and through its Co-Administrators, ANN BROWN and RONALD SAUCIER, JR.; ANN BROWN, in her individual capacity and as co-owner of the insured premises; and RONALD SAUCIER, JR., in his individual capacity and as co-ower of the insured premises,<br><br>          Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; and STATE FARM MUTUAL AUTO INSURANCE COMPANY,<br><br>          Defendants. | **CONSENT PROTECTIVE ORDER** |

  THIS MATTER comes before the Court upon application of the parties for entry of a Consent Protective Order; and it appearing to the Court for good cause shown that discovery and the trial of this action may involve the production and disclosure of confidential and proprietary information such that the entry of this Consent Protective Order providing protection against unrestricted disclosure or use is appropriate;

  THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall apply and govern in this case:

  1.  Certain information and documents to be produced by the parties during discovery in this litigation contain proprietary or confidential information that would cause harm if disclosed and should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Examples of information State Farm believes should be considered proprietary or confidential include Operation Guides, Standard Claim Processes, and Jurisdictional References requested by Plaintiffs.

  2.  The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order (this "Order") shall be all those documents or information designated by one or more of the parties as CONFIDENTIAL in accordance with the terms of this Order, whether such

1

documents or information are supplied in response to the demands or requests of either party, formal or informal, and regardless of whether produced or disclosed by a party or by any person or entity presently or formerly affiliated with a party.

3. All documents or information designated CONFIDENTIAL in accordance with the terms of this Order shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose. Documents or information, however, which are in or can be obtained from the public domain, even if they are the same as or similar to documents or information designated under this Order as CONFIDENTIAL, shall not be subject to the terms of this Order.

4. The parties shall designate documents or information as CONFIDENTIAL by marking documents with the legend "CONFIDENTIAL" or by stating on the record (as in a deposition) or in writing (as in correspondence from counsel containing such information) that information is designated as CONFIDENTIAL. As used in this Order, the term "Confidential Information" shall refer to any documents or information so designated as CONFIDENTIAL.

5. The parties and their attorneys shall treat such Confidential Information as confidential and shall not disclose such information, in any form, except for purposes of this lawsuit and then only to persons with a need to know.

6. It is understood that none of the parties, their attorneys, nor any person employed by them obtains any right to license or to use Confidential Information received in this litigation other than for purposes of this litigation.

7. Any person or entity that is affiliated with either party that produces Confidential Information in response to a discovery request or subpoena in this action shall be a third party beneficiary of this Order and may pursue all remedies available for breach thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

8. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony or thing: (1) is relevant and subject to discovery; (2) is or is not confidential or proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

9.  This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by Order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including the opportunity for hearing and presentation of evidence, should the Court so decide.

10.  The parties and their attorneys shall advise any representative or consultant having access to Confidential Information provided pursuant to this Order that said representatives or consultants shall be bound by this Order. All such consultants shall, upon conclusion of this litigation, destroy all documents designated as Confidential Information.

11.  Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:
   (i) The exact document or item, or portions thereof, for which the filing under seal is requested;
   (ii) How such request to seal overcomes the common law or the First Amendment presumption to access;
   (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
   (iv) The reasons why alternatives to sealing are inadequate; and
   (v) Whether there is consent to the motion.

12.  Unless otherwise ordered by the Court, any original materials or duplicates, including tapes, discs, and photographs, identified by any party as "CONFIDENTIAL," shall within sixty days (60) days after the conclusion of this action by settlement or final judgment, be returned to the party producing such documents or information.

This 25 day of February, 2021.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

WE CONSENT:

*Robert H. Jessup*
_____
Robert J. Jessup
Rebecca H. Ugolick
Attorneys for Plaintiffs



_____
Scott Lewis
Shelley Coleman
Diane Pappayliou
Attorneys for Defendant

4

57680969.v1 Case 7:20-cv-00151-D   Document 30   Filed 02/25/21   Page 4 of 4